**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**GEORGE LOUIS MARTINEZ**                                            **PLAINTIFF**

**V.**                                                                     **NO.: 1:20-cv-61-JMV**

**ANDREW M. SAUL**
*Commissioner of Social Security*                                          **DEFENDANT**

**REPORT AND RECOMMENDATION**

This matter is before the court for judicial review pursuant to 42 U.S.C. § 401 *et seq*. of an unfavorable decision of the Commissioner of Social Security dated April 10, 2019. For the reasons discussed at today's hearing, as set forth in the Commissioner's brief [21], and as outlined briefly below, the undersigned finds that the Commissioner's decision should be affirmed.

Though difficult to construe, it appears that Martinez claims as error: (1) the ALJ's consideration of his prior work in formulating his RFC because, according to Martinez, it did not amount to substantial gainful activity[1] and (2) the ALJ's finding that the opinions of Harold Savell, Ph.D., and Joe Morris, Ph.D., were "generally unpersuasive."

As concerns the first argument, a claimant's ability to perform remunerative work activity is relevant, regardless of whether it was at the level of substantial gainful activity. *Steward v. Bowen*, 858 F.2d 1295, 1300 n.7 (7th Cir. 1988) (claimant's continuing to perform part-time work may be considered in determining whether a claimant was disabled); *Johnson v. Bowen*, 864 F.2d 340, 347-48 (5th Cir. 1988) (working despite impairments properly considered). Further, it is appropriate for an ALJ to consider evidence that a claimant previously engaged in work that was inconsistent with alleged intellectual deficits. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (ALJ properly considered that "the claimant worked for years with and despite impairment(s) that

---

[1] *See* Plaintiff's Brief [20] and Reply [26] in support of the instant action.

he now alleges are disabling"); *Fraga v. Bowen*, 810 F.2d 1296, 1305 & n.11 (5th Cir. 1987) (ability to work despite pre-existing condition supports ALJ's finding of not disabled). Martinez was able to work for a number of years despite his alleged intellectual deficits. And, the fact that his work, at times, rose to the level of SGA[2] shows that his work was not insignificant. *See* 20 C.F.R. §§ 404.1572, 416.972 (SGA is work activity that "involves doing significant physical or mental activities"). That the ALJ recognized these facts was not error.

Secondly, as concerns Martinez's argument that the ALJ erred in finding the opinions of Harold Savell, Ph.D., and Joe Morris, Ph.D., "generally unpersuasive" on account of the one--time visits each had with Martinez, it was appropriate for the ALJ consider this fact. Opinions derived from one-time exams may be found less persuasive than evidence from providers who have a longitudinal understanding of a claimant's impairment(s). 20 C.F.R. §§404.1520c(c)(3)(i), 416.927(c)(3)(i). Dr. William Marcy, in contrast to Drs. Savell and Morris, saw Martinez on at least three occasions and, as the ALJ discussed, found that Martinez's "judgment and insight [were] intact [and] his speech, thought process, associations, orientation, recent and remote memory, attention, concentration, language, and behavior were all normal." T. 23, 483-84, 565, 574. It was not error for the ALJ to find that Dr. Savell and Dr. Morris' limited exposure to Martinez, diminished the persuasiveness of their respective opinions.

Moreover, the ALJ found these consultants' opinions generally unpersuasive due also to Martinez's failure to advise them of his significant work history. 20 C.F.R. §§ 404. 1520c(c)(2),

---

[2] The record reflects that Martinez had yearly earnings of $13,803 in 2005, $19,350 in 2006, and $19,845 in 2007. T. 287. Thus, some of Martinez's monthly earnings were well in excess of the amounts presumed to show SGA for those years: $830 in 2005, $860 in 2006, and $900 in 2007. Although Martinez alleges his earnings were at all times below SGA levels after 2007, he does not make such a showing. For example, Martinez reported that he worked approximately 10 months in 2015. As such, his 2015 earnings of $11,655 averaged $1,165 monthly, which exceeds the $1,090 amount at which SGA is presumed.

416.927(c)(2) (credible evidence that is inconsistent with an opinion renders the opinion less persuasive).

In conclusion, substantial evidence supports the ALJ's determination that Martinez was not disabled, and the ALJ properly applied the relevant legal standards in evaluating the evidence. For these reasons, the undersigned RECOMMENDS that the Commissioner's decision be AFFIRMED.

The Plaintiff is referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The Plaintiff is warned any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings.

Respectfully submitted this 7th day of May, 2021.

                                                **/s/ Jane M. Virden**
                                                **UNITED STATES MAGISTRATE JUDGE**